**Affirmed and Memorandum Opinion filed January 29, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00862-CR

---

### JOSE FRANCISCO IBARRA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 178th District Court
### Harris County, Texas
### Trial Court Cause No. 1276105

---

## MEMORANDUM OPINION

In two issues, appellant Jose Francisco Ibarra challenges his conviction of aggravated assault. We affirm.

### I. BACKGROUND

During 2010, appellant had a dating relationship with the complainant. On August 28, 2010, appellant's friend drove appellant and the complainant to appellant's house; appellant's friend then left. Once inside, appellant hid the

complainant's cell phone and identification card. He berated the complainant and made her perform a variety of demeaning tasks, such as sweeping while naked, washing his feet, and eating the contents of a seasoning packet. He also brandished a box cutter and threatened to kill the complainant. Appellant refused to allow the complainant to leave and sexually assaulted her.

At some point, when appellant left the room, the complainant found her cell phone and called a family member who in turn contacted the police. Officers soon surrounded appellant's house. Appellant and the complainant exited through a window. Officers arrested appellant, and the complainant was taken to a hospital. Officers conducted a protective sweep of appellant's house, during which they took photographs. Officers later procured and executed a search warrant for the house. Officers seized several items from the house, including the box cutter, a wallet, and the seasoning packet (the "challenged items").

Appellant was charged with aggravated assault. The jury convicted appellant and sentenced him to thirty years' confinement.

## II. MOTION TO SUPPRESS

In his first issue, appellant argues the trial court erred by denying his motion to suppress the challenged items seized from his house because the seizure was tainted by the allegedly unlawful protective sweep.

We review a trial court's ruling on a motion to suppress under a bifurcated standard, affording almost total deference to the court's determination of historical facts that depend on credibility and demeanor, but reviewing de novo the court's application of law to the facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When, as in this case, there are no findings of fact in the record, we uphold the trial court's ruling on any theory of law applicable to the case and

2

presume the court made implicit findings in support of its ruling if those findings are supported by the record. *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000).

Appellant spends several pages of his brief arguing why the officers' protective sweep of his house was unlawful. He also contends the officers exceeded any basis for, and the scope of, a protective sweep by photographing the challenged items during the sweep. According to appellant, officers used information gained during the unlawful protective sweep to secure the search warrant, meaning all evidence seized pursuant to the warrant was inadmissible. *See Pitonyak v. State*, 253 S.W.3d 834, 848 (Tex. App.—Austin 2008, pet. ref'd) ("A search warrant may not be procured lawfully by the use of unlawfully obtained information."). We disagree.

There is no evidence in the record supporting appellant's contention that information gained, or photographs taken, during the protective sweep were used to secure the warrant. Neither the warrant nor the affidavit used to secure the warrant mention this information. Photographs incorporated into the warrant and affidavit depict the house's exterior, not the challenged items. The officer who prepared the affidavit testified that he used "pictures to get a warrant," but clarified that he "got the photographs of the front of the residence." Moreover, the officer gathered information regarding the crime by interviewing the complainant at the hospital. In fact, the officer testified he was unaware of the allegation that appellant used a weapon during the incident until told so by the complainant.

Appellant has not established that the search warrant was tainted by information garnered during the allegedly unlawful protective sweep. Accordingly, the trial court did not err by denying appellant's motion to suppress. *See, e.g.*, *State v. Powell*, 306 S.W.3d 761, 769–71 (Tex. Crim. App. 2010)

(holding evidence was not tainted by allegedly unlawful seizure because the evidence was ultimately discovered pursuant to lawful search warrant). We overrule appellant's first issue.

### III. EXTRANEOUS OFFENSE

In his second issue, appellant contends the trial court erred by allowing the complainant to testify regarding the sexual assault he committed against her. Specifically, appellant argues this evidence was inadmissible under Texas Rules of Evidence 404(b) and 403.

The State contends that, even if the trial court erred by allowing the complainant to testify about the sexual assault, the error was rendered harmless because the same evidence was later admitted without objection. *See Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986) ("Inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove."). We agree. The sexual-assault nurse who examined the complainant testified without objection regarding the complainant's account of the sexual assault. Additionally, the nurse's medical report, containing the same information, was admitted without objection. Therefore, any error the trial court committed by allowing the complainant to testify about the sexual assault was rendered harmless. We overrule appellant's second issue.

We affirm the trial court's judgment.


/s/    John Donovan
         Justice

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).